FILED
2021 May-28 PM 12:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **ORLANDO V. WILLIAMS, [Pro Se]** | § **Index No.:**  2021 MAY 28  A 11: 21 |
| | § |
| **Plaintiff,** | § **PLAINTIFF'S COMPLAINT FOR** |
| | § **DAMAGES FOR PERSONAL** |
| **v.** | § **INJURY WITH ATTACHED** |
| | § **REQUESTS FOR DISCLOSURE;** |
| **THE HEALTHCARE AUTHORITY** | § **FIRST REQUEST FOR** |
| **FOR UAB HIGHLANDS, AN** | § **PRODUCTION** |
| **AFFILIATE OF UAB HEALTH d/b/a** | § |
| **UAB HIGHLANDS, UAB** | § 2:21-cv-740-SGC |
| **HIGHLANDS** | § |
| | § |
| **Defendants.** | § **DEMAND FOR JURY TRIAL** |

Plaintiff, abovenamed, by his *pro se*, for his Complaint against the above-captioned Defendants, alleges as follows:

///

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………..………...………..…...3

DISCOVERY CONTROL PLAN……………………...……...…..……….…...….…4

PARTIES, SERVICE, JURISDICTION, AND VENUE……………..………......…..4-5

ASSUMED NAME / MISNOMER..………………………..….…..……………....…..5

ALTERNATIVE PLEADINGS..………………..………………..……………..….……5

CONDITIONS PRECEDENT……………..……..………..….………….….……..5-6

FACTUAL ALLEGATIONS……………………………………………….......…..6-10

CAUSE OF ACTION……………..……...…..……………….…….…….…...……..10-13

    (Alabama Medical Liability Act of 1987: Negligence/Wantonness)…........10-13

RESPONDEAT SUPERIOR..…….……...…………………………………….…......13

REQUESTS FOR DISCLOSURE..…………………….…………….……..…..…........13

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS…….13-14

PRAYER..………………………….…..…………….…………….…...…….….…...14

## **TABLE OF AUTHORITIES**

### *Cases*

*Orlando V. Williams v. 1960 Family Practice, P.A., et al.*,
    CIVIL ACTION NO. 4:19-cv-4522, *45, at Exhibit Y
    (S.D. Tex. March 16, 2021)…………………………………………...……..………....7

*Orlando V. Williams v. United States of America, et al.*,
    CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at
    Exhibits F-H & M-W (N.D. Ala. May 18, 2020)……...…………………………..…4-14

### *Rules*

Fed. R. Civ. P. 8……………………………………………………….………....……..…5

Fed. R. Civ. P. 17……………………………………………………….………….....…....5

Fed. R. Civ. P. 26……………………………….…………………………………....…..…4,13

Fed. R. Civ. P. 34……………………………….……………………………….....…...…..14

### *Statutes*

Alabama Medical Liability Act of 1987……………………………....………...…....…6,13-14

28 U.S.C. § 1331……………………………………….………………………....………..4

28 U.S.C. § 1367……………………………………………………….………....…………..5

28 U.S.C. § 1391……………………………………………………….………....…………..5

### *Other Authorities*

https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6461951/.................................................8

## DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Fed. R. Civ. P. 26 and requests this Honorable Court enter a discovery control plan under said rule.[1] Plaintiff seeks monetary relief of $250,000,000, including *damages* of any kind, penalties, costs, expenses, and pre-judgment interest; Plaintiff reserves the right to amend claims for *damages* as Plaintiff's condition progresses.[2]

## PARTIES, SERVICE, JURISDICTION, AND VENUE

2. ORLANDO V. WILLIAMS ("Plaintiff") is a resident citizen of Alabama.[3]

3. Defendants, THE HEALTHCARE AUTHORITY FOR UAB HIGHLANDS, AN AFFILIATE OF UAB HEALTH d/b/a UAB HIGHLANDS and UAB HIGHLANDS (collectively referred to as "Defendants") are a corporation duly organized and existing pursuant to the laws of the state of Alabama.[4] Defendants have appointed a registered agent for service and may be served with citation through such registered agent for service, W. J. DANIEL, 701 20th STREET SOUTH, STE 820, BIRMINGHAM, ALABAMA 35233 or anywhere Defendants may be found.[5]

4. This is a civil action, being Federal Question(s) cognizable in this Court under 28 U.S.C. § 1331, and for Alabama State law claims resulting in personal *injuries* due to

---

[1]See Exhibit A; *see also Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[2]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[3]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[4]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[5]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

negligence, wantonness, and medical malpractice, brought in this court pursuant to its
supplemental jurisdiction under 28 U.S.C. § 1367.[6]

5. Venue is proper in this Court, under 28 U.S.C. § 1391, as all of the events
giving rise to the claim occurred within the geographical boundaries of the Northern
District of Alabama.[7]

## ASSUMED NAME / MISNOMER

6. In the event any parties are misnamed or not included herein, such event is a
"misnomer."[8]

7. To the extent that the above-named Defendants are conducting business
pursuant to a trade name or assumed name, then suit is brought against them pursuant to
the terms of Fed. R. Civ. P. 17(b), and the Plaintiff hereby demands that upon
answering this suit, that they answer in their correct legal name and assumed name.[9]

## ALTERNATIVE PLEADINGS

8. To the extent facts or causes of action pled in this Complaint are in conflict,
they are pled in the alternative described in Fed. R. Civ. P. 8(d).[10]

## CONDITIONS PRECEDENT

9. All condition precedent to the filling of this action have been satisfied.[11]

---

[6]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB,
*8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[7]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB,
*8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[8]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB,
*8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[9]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB,
*8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[10]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB,
*8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[11]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB,
*8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

10. Plaintiff has complied with the requirements pursuant to the Alabama Medical Liability Act of 1987.[12]

## FACTUAL ALLEGATIONS

11. On July 18, 2019, Plaintiff was diagnosed with dorsalgia, unspecified by Defendants' employee JASON LASSETER PITTMAN, M.D. [UAB-FIN-648471799194].[13]

12. On August 8, 2019, Defendants' employee DIRK REHDER, M.D. negligently and/or wantonly allowed the Plaintiff ORLANDO V. WILLIAMS to MRI of the Thoracic Spine with and without contrast [UAB-FIN-648471799216], which was interpreted by Dr. REHDER.[14] Dr. REHDER's clinical information was dorsalgia, unspecified.[15] Dr. REHDER's findings were there are small T1 and T2 hyperintense lesions within the T7 vertebral body and also within the right T6 pedicle and postcontrast images demonstrate enhancement of the T4 lesion and there is also a T2 hyperintense lesion within the T4 vertebral body.[16] Dr. REHDER's conclusion was small lesions within the T6 and T7 vertebral bodies consistent with hemangiomas and there is another lesion within the T4 vertebral body which demonstrates equivocal T1 shortening and also demonstrates enhancement and this may simply represent an atypical hemangioma given the other lesions and CT of the Thoracic Spine could be

---

[12]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[13]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibit P (N.D. Ala. May 18, 2020).

[14]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits Q-W & P (N.D. Ala. May 18, 2020).

[15]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits Q-W & P (N.D. Ala. May 18, 2020).

[16]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits Q-W & P (N.D. Ala. May 18, 2020).

obtained to evaluate for lesion at this level and/or follow-up MRI of the Thoracic Spine

in 6 months.[17]  Defendants' employee HEATHER WILSON, CRNP ordered diagnostic

imaging studies.[18][19][20][21]  There was no notation that the T4 and T6/7 lesions/tumors was

discussed or that it was growth Plaintiff's spine or that either surgical procedure would

address the T4 and T6/7 lesions/tumors.[22]

---

[17]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits Q-W & P (N.D. Ala. May 18, 2020).

[18]The Persian Gulf Exam was performed by TUMKUR S. SHIVASHANKARA, M.D. on November 7, 2016 from VA Hospital- Tuscaloosa noted that Plaintiff reports not worked since 2011 and worked as state employee for ALABAMA DEPARTMENT OF CORRECTIONS correction officer for 6.5 years and quit due to PTSD symptoms and Army joined in 2000-2003 and Iraq January 2003-May 2003 was in Tikrit and MVA in Iraq passenger next to driver hit a vehicle in the front and hit his head against dash board, no loss of consciousness and did not get sick call and suffers from chronic headaches since then and chronic intermittent, tensional type and involved in burning the human waste takes all day did it once a week for twenty weeks and scattered small white spots on arms and depression with insomnia. See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits F-H, Q-W & P (N.D. Ala. May 18, 2020).

[19]On March 1, 2019, Plaintiff was diagnosed with pediatric bone/soft tissue tumors and masses, adult bone/soft tumors and masses, benign and malignant bone/soft tumors, sarcomas and metastatic disease involving bone and for continuity care we will fax records to THE UNIVERSITY OF TEXAS MD ANDERSON CANCER CENTER ("MD ANDERSON"), and call them to confirm receipt of the records and they MD ANDERSON will call you within 48 hours to set up an appointment for you with the appropriate doctor by ANDREW P. KANT, M.D. See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits M-O, F-H, Q-W & P (N.D. Ala. May 18, 2020).

[20]On April 5, 2019, Plaintiff was diagnosed with irritable bowel syndrome and abnormal weight loss by JUSTIN E. BIRD, M.D.  See *Orlando V. Williams v. 1960 Family Practice, P.A., et al.*, CIVIL ACTION NO. 4:19-cv-4522, *45, at Exhibit Y (S.D. Tex. March 16, 2021).  Dr. BIRD noted that Plaintiff reports approximately 25-pound weight loss over the past year.  See *Orlando V. Williams v. 1960 Family Practice, P.A., et al.*, CIVIL ACTION NO. 4:19-cv-4522, *45, at Exhibit Y (S.D. Tex. March 16, 2021).

[21]On July 18, 2019, CRNP WILSON [UAB-FIN-648471799194] noted that Plaintiff reports here today for WU of self-diagnosed 'tumor in back' demanding an MRI of the Thoracic Spine and he has a plethora of symptoms which he has never been evaluated and in regards to his spine there is TTP L Posterior Torso/Rib cage however no obvious acute concerns, masses, or abnormalities noted on exam or plain films and when further examining abdomen he has LUQ/RUQ TTP with what feels like a small mass to LUQ of unknown etiology and neck with thyromegaly and some lymphadenopathy and given the above I do think a ABD U/S would be needed and he is needing to FU with PCP to establish a medical home and have further W/U regarding other symptoms and I will go ahead or order basic labs along with thyroid, autoimmune W/U, inflammatory markers, GGT, serum/urine IEP and we will arrange internal Med Referral and he will FU with me after MRI of the Thoracic Spine and U/S done.  See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[22]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

13. At all times, Dr. REHDER was acting within the line and scope of his employment for the Defendants.[23] At all times, Dr. REHDER was an agent/employee and representative of Defendants.[24] Thus, Defendants are vicariously liable for his negligence, wantonness, and *breach of the standards of care*.[25]

14. Defendants' negligence and/or wantonness has permanently and negatively impacted the quality of Plaintiff's life and likely shortened his life, as well.[26] There are numerous studies in the medical literature that document that a spinal growth shortens his life expectancy.[27] Moreover, there is an increased risk of dying following a spinal growth.[28]

15. As a *proximate result* of the *breach in the standards of care* and negligent and wanton care of Plaintiff by the Defendants, Plaintiff suffered a spinal growth which required a medication.[29]

| Prescription Facts For: WILLIAMS, ORLANDO | Rx#: 6836346 | Filled On: 10/05/19 |
|---|---|---|

DRUG NAME: OMEPRAZOLE DR 40 MG CAP MFG:KREMERS URBAN
GENERIC NAME: OMEPRAZOLE 40 mg

16. Plaintiff suffered humiliation when, while waiting on the email to arrive stated, in relevant part:[30]

---

[23]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[24]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[25]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[26]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[27]"Loss of Years After a Spinal Growth": https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6461951/(last viewed May 27, 2021). See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[28]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[29]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

5/2/2021                                          My UAB Medicine - Messaging

## FW: Dunne, Mary Katherine - CRNP Neurology: Wilson, Heather - CRNP Orthopedic Surgery: ICD: M54.9 Dorsalgia, unspecified

----------

From: Sharpe, April C (Neurology - Epilepsy)
To: Wilson, Heather CRNP; WILLIAMS, ORLANDO
Sent: 8/12/2019 09:19:58
Subject: FW: Dunne, Mary Katherine - CRNP Neurology: Wilson, Heather - CRNP Orthopedic Surgery: ICD: M54.9 Dorsalgia, unspecified

Sorry you have the wrong department.


----------

From: ORLANDO WILLIAMS
To: Dunne, Mary Katherine - CRNP Neurology (Neurology - Epilepsy)
Sent: 08/10/2019 11:41 p.m. CDT
Subject: FW: Wilson, Heather - CRNP Orthopedic Surgery: ICD: M54.9 Dorsalgia, unspecified

*Thank you for your message. It has been successfully sent to the appropriate care team.*

This is a wrong diagnosis of a disease or cancer and race discrimination.

----------

From: ORLANDO WILLIAMS
To: Wilson, Heather - CRNP Orthopedic Surgery (Patient Portal - Orthopaedic Surgery)
Sent: 08/10/2019 11:27 p.m. CDT
Subject: ICD: M54.9 Dorsalgia, unspecified

*Thank you for your message. It has been successfully sent to the appropriate care team.*

This is a wrong diagnosis of a disease or cancer and race discrimination.

----------

https://myuabmedicine.iqhealth.com/messaging/Ts7ya2z99Sm3JG8/9331568015%3A-6%3A3A3%3A3A1/                              1/1

---

[30]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

**Plaintiff's Complaint with Discovery**                                    **Page 9 of 19**

Spinal growth is/are notoriously painful, and Plaintiff suffered from the growth caused by the negligence of Defendants and Dr. REHDER, and he continues to suffer.[31] Plaintiff became debilitated, and now spends what is left of his life primarily confined to home.[32]

## CAUSE OF ACTION

### (Alabama Medical Liability Act of 1987: Negligence/Wantonness)

17. Plaintiff adopts and re-alleges all preceding paragraphs as if fully set forth herein.

18. Said Defendants owed Plaintiff the *duty* to provide Plaintiff with the medical care in a medical health setting that compiled with *the applicable standard of care*.[33] That is, the Defendants were required to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case.[34]

19. Defendants negligently and/or wantonly *breached the standard of care* in one or more of the following ways:

a. Defendants negligent and/or wanton failure to draft a comprehensive plan of care and ensure that it was executed properly;[35]

---

[31]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[32]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020); *see also* Exhibit A.

[33]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[34]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[35]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

b. Defendants negligent and/or wanton failure to provide diagnosis, such as an spinal growth, and properly instruct its employees in the necessity and requirement of use of an spinal growth;[36]

c. Defendants negligent and/or failure to be vigilant and attentive at all times while Plaintiff was under the care of Defendants to prevent any foreseeable *injuries*;[37]

d. Defendants negligent and/or wanton failure to ensure the physical safety of Plaintiff, who was known to be weak and have an unsteady spinal growth;[38]

e. Defendants negligent and/or wanton failure of Defendants to properly apply a dorsalgia, unspecified to Plaintiff as evidence by instructing Plaintiff to follow-up MRI of the Thoracic Spine in 6 months while Dr. REHDER applied the dorsalgia, unspecified.[39]

f. Negligently and/or wantonly failure to adequately hire, educate, train, and/or supervise the radiologist including Dr. REHDER, radiology assistants and other employees.[40]

g. Negligent and/or wanton failure to provide training and instruction as to implementing reasonable medical interventions to prevent Plaintiff from diagnosing;[41]

h. Negligent and/or wanton failure to implement adequate policies, procedures and the like concerning the proper care of medical health patients.[42]

---

[36]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[37]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[38]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[39]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[40]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[41]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

20. As a *proximate* and *foreseeable result* of the negligent and/or wanton *acts* or *omissions* of Defendants, Plaintiff diagnosis and suffered severe and significant personal *injuries* including, but not limited to, a spinal growth, a medication, and subsequent medical health care.[43] He experienced humiliation, severe pain and suffering, mental anguish, annoyance, inconvenience, and setbacks in his overall health and well-being.[44] He became so debilitated that he is confined to home.[45] His prognosis is very poor.[46]

21. Defendants acted at all times material with a *conscious disregard* for the rights and safety of Plaintiff.[47]

22. The quality of Plaintiff's life and his life-expectancy have been adversely affected by his *injuries*, which were foreseeable and preventable.[48] He has incurred and is reasonably expected to incur medical bills and other special *damages* that *proximately resulted* from his *injuries*.[49]

23. Plaintiff claims all compensatory damages resulting from the breach of duties as alleged including, but not limited to, all past, present, and future medical bills associated with the *injuries* sustained on August 8, 2019; all bills associated with his

---

[42]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[43]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[44]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[45]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[46]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[47]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[48]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[49]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

medical services; and all additional out of pocket expenses incurred by Plaintiff and, for past, present and future pain, suffering, mental anguish, anxiety, worry, annoyance, inconvenience, set-backs in his overall health, life-expectancy and well-being pursuant to the Alabama Medical Liability Act of 1987.[50]

24. Plaintiff, demands judgment against Defendants for exemplary damages pursuant to the Alabama Medical Liability Act of 1987.[51]

## RESPONDEAT SUPERIOR

25. At all times material to this cause, the employees attempting to care for Plaintiff were acting within the course and scope of their employment or agency as the employees, servants, or agents of Defendants.[52]  Therefore, these entities are liable to Plaintiff under *respondeat superior*, apparent agency, or agency by estoppel as those terms are defined and applied under the laws and statutes of the State of Alabama.[53]

## REQUESTS FOR DISCLOSURE

26. Pursuant to Rule 26 of the Fed. R. Civ. P., Plaintiff hereby requests that you respond no later than 30 days from the service of this lawsuit.[54]

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

27. Pursuant to Rule 34 of the Fed. R. Civ. P., Plaintiff hereby respectfully serves upon Defendants, Plaintiff's First Request for Production attached hereto as

---

[50]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[51]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[52]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[53]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).
[54]See Exhibit A; *see also Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

Exhibit A, with Defendants' answers, responses, and/or objections thereto due 30 days from the service of this lawsuit.[55]   Defendants' answers, responses, and/or objections may be used as evidence at the trial of this lawsuit.[56]   Defendants' answers, responses, and/or objections should be served by Defendants to the address of Plaintiff's *pro se*, P.O. Box 383093, BIRMINGHAM, ALABAMA 35238.[57]

## PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory and exemplary damages allowed by law as the jury may assess, post-judgment interest at the legal rate from the date of judgment, costs of court, pursuant to the Alabama Medical Liability Act of 1987, and all other and further relief, legal or equitable, to which Plaintiff may show himself to be justly entitled.[58]

### PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY.

Respectfully submitted,

**Orlando V. Williams, [Pro Se]**

By:

**Orlando V. Williams**
P.O. Box 383093
Birmingham, Alabama 35238
(205) 332-2043
octoberhotboy@yahoo.com

---

[55]See Exhibit A; *see also Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[56]See Exhibit A; *see also Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[57]See Exhibit A; *see also Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020).

[58]See *Orlando V. Williams v. United States of America, et al.*, CIVIL ACTION NO. 4:19-cv-1696-KOB, *8, at Exhibits P-W, M-O & F-H (N.D. Ala. May 18, 2020); *see also* Exhibit A.

## EXHIBIT A

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION/SUBPOENA DUCES TECUM TO DEFENDANTS

**REQUEST NO. 1:** All of the following items created or maintained in the ordinary course of providing healthcare services to patients including the patient in question: all original notes, computer entries, letters, forms, email communications, logs, calendars and calendar entries, journals, records, lab results, monitor strips, prescriptions, images, photographs, the complete chart and complete billing file, including all communications with insurance carriers, generated by or on behalf of DIRK REHDER, M.D., and/or Defendants in connection with their treatment and care of Plaintiff from the beginning of his treatment of this patient through the present.

**RESPONSE:**

**REQUEST NO. 2:** All documents, things and data in the possession of Defendants relevant to the topics set out for its designated corporate representative of the forgoing notice.

**RESPONSE:**

**REQUEST NO. 3:** Defendants' policies and procedures that were in effect from 2019 through present;

**RESPONSE:**

**REQUEST NO. 4:** The personnel / human resources files pertaining to Dr. REHDER;

**RESPONSE:**

**REQUEST NO. 5:** Policies, procedures and protocols in effect in August 2019 regarding treatment of patients with back pain.

**RESPONSE:**

**REQUEST NO. 6:** The policies, procedures and protocols, if any, that were in effect from 2019 through present regarding the care and treatment of patients at Defendants.

**RESPONSE:**

**REQUEST NO. 7:** From 2019 through the present, all documents or data regarding all claims, incidents or lawsuits involving partners, physicians, nurses, assistants or employees of Defendants in which similar circumstances or allegations of negligence or injuries were presented or made.

**RESPONSE:**

**REQUEST NO. 8:** All literature, including reports, studies and guidelines (including all such information complied or available as electronically stored data) obtained and maintained by or on behalf of Defendants and available in the ordinary course of its business during the time period Dr. REHDER first accepted Plaintiff as a patient through the date of Plaintiff injuries on August 8, 2019, for reference by Dr. REHDER relevant to recognized or applicable standards of care, rules, guidelines or protocols with regard to treating patients with back pain and /or the reported history or condition of Plaintiff.

**RESPONSE:**

**REQUEST NO. 9:** All data, educational or training materials, medical records, literature, including reports, studies and guidelines (including all such information complied or available as electronically stored data) obtained and maintained by or on behalf of Defendants from 2019 to present regarding men and metastatic disease.

**RESPONSE:**

**REQUEST NO. 10:** Policies and procedures in effect from 2019 through the present for investigating and determining the root cause of injuries of Plaintiff.

**RESPONSE:**

**REQUEST NO. 11:** All supporting research, data, documentation, literature, or any other information that Defendants relied upon or used in formulation of statements on their website from 2019 to present regarding metastatic disease, and men's metastatic disease symptoms differ from women.

**RESPONSE:**

**REQUEST NO. 12:** All Defendants' statements thoracic metastatic disease, men and thoracic disease, gender role in back attacks, back attack warning signs, metastatic disease facts, and men's back attack symptoms differ from women.

**RESPONSE:**

**REQUEST NO. 13:** All litigation hold letters with regard to preserving data relevant to the incident in question.

**RESPONSE:**

**REQUEST NO. 14:** Any investigation was conducted by or on behalf of Defendants in the ordinary course of business regarding the injuries of Plaintiff, including any disciplinary action taken against Dr. REHDER.

**RESPONSE:**

**REQUEST NO. 15:** Any and all incident reports, occurrence reports, or sentinel events reports regarding Plaintiff.

**RESPONSE:**

**REQUEST NO. 16:** All photographs, videotapes, or films taken of Plaintiff.

**RESPONSE:**

**REQUEST NO. 17:** Please produce the organization chart for Defendants in effect from 2019 to present.

**RESPONSE:**

**REQUEST NO. 18:** Any and all documents describing the mission statement of Defendants in effect from 2019 to present.

**RESPONSE:**

**REQUEST NO. 19:** The complete audit trail for all electronic records pertaining to Plaintiff from his August 8, 2019 office visit at Defendants.

**RESPONSE:**

**REQUEST NO. 20:** All electronic and paper medical records or any other form of documentation regarding Plaintiff from his August 8, 2019 office visit at Defendants.

**RESPONSE:**

**REQUEST NO. 21:** All electronic and paper billing records regarding Plaintiff from his August 8, 2019 office visit at Defendants.

**RESPONSE:**

Respectfully submitted,

**Orlando V. Williams, [Pro Se]**

By: *Orlando V. Williams*

**Orlando V. Williams**
P.O. Box 383093
Birmingham, Alabama 35238
(205) 332-2043
octoberhotboy@yahoo.com